IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GERALDINE A. BONNEVIER, | ) | |
| | ) | Case No. 13 CV 08231 |
| Plaintiff, | ) | |
| | ) | Honorable Robert W. Gettleman |
| v. | ) | Judge Presiding |
| | ) | |
| AMOENA USA CORPORATION, a | ) | Magistrate Judge Rowland |
| domestic for profit corporation | ) | |
| registered in the State of Georgia and | ) | |
| doing business in the State of Illinois, | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, **GERALDINE A. BONNEVIER** (hereinafter "Plaintiff" or "Bonnevier"), by and through her attorneys, LISA KANE & ASSOCIATES, and complaining of Defendant, AMOENA USA CORPORATION (hereinafter "Defendant," "Amoena," or "Company"), states as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for violations of rights guaranteed to Plaintiff by the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), as amended, 29 U.S.C. § 621 et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 29 U.S.C. § 621 et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3. Venue is proper under 28 U.S.C. § 1391 (b)(1) and (2).

## PARTIES

4. Plaintiff, GERALDINE A. BONNEVIER, is a sixty-six (66) year old female citizen of the United States who resides in the State of Illinois. Plaintiff was born on October 8, 1947.

5. Defendant, AMOENA USA CORPORATION, is a Georgia corporation, which has continuously, and does now employ more than fifteen (15) employees, is engaged in an industry that affects commerce and continues to do business in the State of Illinois.

## PROCEDURE

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission (hereinafter "EEOC") on July 31, 2013. The EEOC issued Plaintiff a Notice of Right to Sue on September 26, 2013, which was received on September 30, 2013. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

Plaintiff filed a further Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission (hereinafter "EEOC") on September 6, 2013. The EEOC issued Plaintiff a Notice of Right to Sue on November 19, 2013. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

## COUNT I - ADEA - AGE DISCRIMINATION

7. Plaintiff began her employment with Defendant on April 2, 1990 as an Account

Manager. Plaintiff's most recent position as an employee of Amoena is as National Sales Manager.

8. At all times material hereto, Plaintiff performed her duties to Defendant's legitimate expectations, as evidenced by, without limitation, the longevity of Plaintiff's employment, and a lack of discipline throughout the course of her tenure. Moreover, Plaintiff received numerous merit-based pay raises, commission payments and bonuses, together with consecutive promotions to District Manager in 1992, Central Regional Manager in 1996-1997, and finally National Sales Manager since 2012.

9. As National Sales Manager, Plaintiff was instrumental in increasing Defendant's domestic annual sales by $1,000,000.00 in the company's last fiscal year. In response to her accomplishment, Plaintiff received accolades from Defendant's leadership as well as a congratulatory letter in October of 2012 from Amoena's Chairman of the Board, Mark Sater.

10. In December of 2012, Plaintiff's direct supervisor and Amoena's Chief Executive Officer, Philip Sporidis (hereinafter "Sporidis") attended Defendant's national sales meeting in Key Largo, Florida.

11. During the meeting the Managing Director and Chief Executive Officer of Amoena Worldwide, Ronny Lemmes ("Lemmes"), made derogatory comments about Plaintiff's age to Sporidis, stating that Plaintiff was "past her prime" and "too old to be working" for Defendant.

12. Growing disillusioned by the company's leadership, Sporidis resigned his position as President and Chief Executive Officer in January, 2013. Thereafter, an announcement was released by Lemmes on May 14, 2013, introducing Paula Schneider (hereinafter "Schneider") as the new Chief Executive Officer (CEO).

13. In the first week of July, Schneider contacted Plaintiff requesting an in-person meeting in Atlanta, Georgia on the pretext of discussing the Company's sales and strategy. On July 11, 2013, Plaintiff met with Schneider in Atlanta, Georgia. Schneider immediately advised Plaintiff that her position would be terminated effective December, 2013.

14. No prior warning or notice was provided to Plaintiff, and during their meeting, no justifiable cause was presented as the reason for her unwarranted termination. Plaintiff inquired as to the reason for her abrupt dismissal from Amoena. Schneider's only response to her inquiry was: "as you are aware, the Company is in the process of a re-organization."

15. Prior to meeting with Schneider, Plaintiff was *not* made aware of the Company's attempt to reorganize its staff. Plaintiff advised Schneider that no communication was made to her regarding Amoena's current restructuring strategy and operations.

16. Defendant willfully alienated and estranged Plaintiff, a high-ranking employee, whom during her 23 year tenure served as a competent and hard-working staff member, from having any knowledge of significant operations that would directly affect her employment.

17. While discussing the Company's future plans, Schneider inquired as to whether or not Plaintiff would be interested in working as a consultant for Amoena, alluding to the fact that Plaintiff should retire by stating: "some of these projects will keep you busier in retirement."

18. At no point during her employment at Amoena had Plaintiff remotely referred to retiring from her employment with Defendant. Plaintiff was alarmed to hear Schneider make unwarranted and unwelcome references to her retirement as she had no intention of transitioning into such a position any time soon.

19. Defendant's attempt to characterize the circumstances giving rise to Plaintiff's termination as reorganization is disingenuous and deceitful in nature. Amoena's callous if not

ruthless agenda was to terminate the position of an employee who Lemmes felt was "past her prime" and "too old to be working" for the Company.

20. The fact that Amoena's new CEO suggested that Plaintiff should retire is evidence that the sole reason for her termination, as mentioned previously by Lemmes to Sporidis, is her age.

21. Upon notification of Plaintiff' EEOC Charge, Defendant immediately reinstated Plaintiff as Amoena's National Sales Manager. This action was simply a tactic on behalf of Defendant to avert liability for Amoena's unabashed age discrimination and to eliminate the adverse action brought forth by Plaintiff.

22. Abruptly, on August 28, 2013, Schneider announced her resignation as CEO, advising that she would be replaced by Marcie Peters (hereinafter "Peters"), a newly recruited vice president of sales who began working for Defendant on July 15, 2013.

23. Peters, who is thirty-seven (37) years old and without any national sales experience, was chosen to lead in Plaintiff's department.

24. By promoting Peters within one month of her employment at Amoena, the Company ruthlessly bypassed Plaintiff's twenty-three (23) year tenure and outstanding job performance that would place her as a highly qualified candidate for the CEO position.

25. The Defendant circumvented its own policy relative to posting of employment positions with the hiring of external candidate, Marcie Peters.

26. The Company's failure to promote Plaintiff based solely on her age and denying her the internal promotion which she rightfully deserves is concrete evidence of Amoena's age discrimination. Defendant's overt age discrimination is clearly demonstrated here as the Company boldly denies their employees an impartial and merit based promotion that should be

afforded to them.

27. At the time her employment was terminated by Defendant, Plaintiff was the oldest leader in Amoena's sales department.

28. The aforementioned acts and omissions of Defendant constitute unlawful discrimination on the basis of Plaintiff's age, sixty-six (66) years old, in violation of the ADEA, as amended, 29 U.S.C. § 621 et seq.

29. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GERALDINE A. BONNEVIER prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of the Defendant to be in violation of rights guaranteed to Plaintiff under appropriate federal law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices that unlawfully permit age discrimination to persist in the work place;

C. Order Defendant to make whole GERALDINE A. BONNEVIER by providing the affirmative relief necessary to eradicate the effects of the Defendant's unlawful practices;

D. Grant the Plaintiff any consequential, compensatory, liquidated, and any other damages that the Court may deem appropriate;

E. Grant the Plaintiff her attorney's fees, costs, and disbursements; and

F. Grant the Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## **JURY TRIAL DEMAND**

30. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

        Respectfully submitted
        GERALDINE A. BONNEVIER, Plaintiff,

        By: s/ Lisa Kane
            Lisa Kane, Attorney for Plaintiff


Lisa Kane & Associates
Attorney for Plaintiff
141 West Jackson Boulevard, Suite 3620
Chicago, Illinois 60604
Telephone: (312) 606-0383
Attorney Code No. 06203093
lisakane@sbcglobal.net