IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALDINE A. BONNEVIER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMOENA USA CORPORATION, a domestic ) <br> for profit corporation registered in the State of ) <br> Georgia and doing business in the State of ) <br> Illinois, ) <br> ) <br> Defendant. ) | Case No. 13 CV 08231 <br><br> Honorable Robert W. Gettleman <br><br> Magistrate Judge Rowland <br><br> Trial Requested |

**DEFENDANT'S ANSWER AND AFFIRMATIVE/ADDITIONAL DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES Defendant Amoena USA Corporation ("Amoena"), by and through its undersigned counsel, and submits the following Answer and Affirmative/Additional Defenses to the First Amended Complaint of Plaintiff Geraldine A. Bonnevier ("Plaintiff").

**PRELIMINARY STATEMENT**

1. This is an action seeking redress for violations of rights guaranteed to Plaintiff by the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), as amended, 29 U.S.C. § 621 et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

**ANSWER**: Amoena admits Plaintiff purports to bring the claims identified in Paragraph 1 pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA") and seeks relief for such claims, but expressly denies that such claims have merit, that Amoena violated the ADEA, and/or that Plaintiff has stated a viable cause of action under the ADEA. Amoena denies any remaining allegations in Paragraph 1 of the First Amended Complaint.

257812.1

## JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 29 U.S.C. § 621 et seq. Plaintiff seeks declaratory relief pursuant to 28 U S.C. §§ 2201 and 2202.

**ANSWER**: Amoena admits that jurisdiction in this Court is proper.

## VENUE

3. Venue is proper under 28 U.S.C. § 1391 (b)(1) and (2).

**ANSWER**: Amoena admits that this action meets the venue requirements of 28 U.S.C. § 1391(b)(1), but denies that this action meets the venue requirements of 28 U.S.C. § 1391(b)(2) and contends that the more appropriate venue is the United States District Court for the Northern District of Georgia. Amoena denies any remaining allegations in Paragraph 3 of the First Amended Complaint.

## PARTIES

4. Plaintiff, GERALDINE A. BONNEVIER, is a sixty-six (66) year old female citizen of the United States who resides in the State of Illinois. Plaintiff was born on October 8, 1947.

**ANSWER**: Amoena admits the allegations in Paragraph 4 of the First Amended Complaint.

5. Defendant, AMOENA USA CORPORATION, is a Georgia corporation, which has continuously, and does now employ more than fifteen (15) employees, is engaged in an industry that affects commerce and continues to do business in the State of Illinois.

**ANSWER**: Amoena admits the allegations in Paragraph 5 of the First Amended Complaint.

**PROCEDURE**

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission (hereinafter "EEOC") on July 31, 2013. The EEOC issued Plaintiff a Notice of Right to Sue on September 26, 2013, which was received on September 30, 2013. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

Plaintiff filed a further Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission (hereinafter "EEOC") on September 6, 2013. The EEOC issued Plaintiff a Notice of Right to Sue on November 19, 2013. The Notice of Right to sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

**ANSWER**: Amoena admits that Plaintiff filed Charge No. 440-2013-04905 with the Chicago District Office of the Equal Employment Opportunity Commission ("EEOC") on August 1, 2013. Amoena further admits that the Atlanta District Office of the EEOC issued a Notice of Right to Sue upon request dated September 26, 2013. Amoena is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding the date of Plaintiff's receipt of the Notice of Right to Sue for Charge No. 440-2013-04905. Amoena admits that the First Amended Complaint was filed within ninety (90) days of the date the Notice of Right to Sue was issued by the EEOC.

Amoena admits that Plaintiff filed Charge No. 410-2014-00674 with the Chicago District Office of the EEOC on September 6, 2013. Amoena further admits that the Atlanta District Office of the EEOC issued a Notice of Right to Sue upon requested dated November 19, 2013.

257812.1                                3

Amoena admits that the First Amended Complaint was filed within ninety (90) days of the date the Notice of Right to Sue was issued by the EEOC.  Amoena denies any remaining allegations in Paragraph 6 of the First Amended Complaint.

### COUNT I - ADEA - AGE DISCRIMINATION

7. Plaintiff began her employment with Defendant on April 2, 1990 as an Account Manager.  Plaintiff's most recent position as an employee of Amoena is as National Sales Manager.

**ANSWER**:  Amoena admits that Plaintiff began her employment on April 2, 1990 as a Field Sales Representative.  Amoena further admits that Plaintiff's current position with Amoena is National Sales Manager.  Amoena denies any remaining allegations in Paragraph 7 of the First Amended Complaint.

8. At all times material hereto, Plaintiff performed her duties to Defendant's legitimate expectations, as evidenced by, without limitation, the longevity of Plaintiff's employment, and a lack of discipline throughout the course of her tenure.  Moreover, Plaintiff received numerous merit-based pay raises, commission payments and bonuses, together with consecutive promotions to District Manager in 1992, Central Regional Manager in 1996-1997, and finally National Sales Manager since 2012.

**ANSWER**:  Amoena admits that Plaintiff has been an employee since 1990 and admits that Plaintiff has not received discipline during her employment.  Amoena further admits that over the course of her employment, Plaintiff has received pay increases, some of which were merit-based, commission payments as part of her regular compensation, and bonuses.  Amoena further admits that Plaintiff has previously held the positions of District Manager, Regional Sales Manager, and currently holds the position of National Sales Manager.  Amoena denies that

Plaintiff has met Amoena's performance expectations at all times during Plaintiff's employment. Amoena denies any remaining allegations in Paragraph 8 of the First Amended Complaint.

9. As National Sales Manager, Plaintiff was instrumental in increasing Defendant's domestic annual sales by $1,000,000.00 in the company's last fiscal year. In response to her accomplishment, Plaintiff received accolades from Defendant's leadership as well as a congratulatory letter in October of 2012 from Amoena's Chairman of the Board, Mark Sater.

**ANSWER**: Amoena admits that its national sales increased by approximately $1,000,000 in 2011-2012, but notes that national sales for that year overall missed budget by approximately $3,000,000. Amoena is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the First Amended Complaint.

10. In December of 2012, Plaintiff's direct supervisor and Amoena's Chief Executive Officer, Philip Sporidis (hereinafter "Sporidis") attended Defendant's national sales meeting in Key Largo, Florida.

**ANSWER**: Amoena admits that Phillip Sporidis, Plaintiff's direct supervisor and President/General Manager of Amoena, attended a national sales meeting in Key Largo, Florida with Plaintiff in December of 2012. Amoena denies any remaining allegations in Paragraph 10 of the First Amended Complaint.

11. During the meeting the Managing Director and Chief Executive Officer of Amoena Worldwide, Ronny Lemmes ("Lemmes"), made derogatory comments about Plaintiff's age to Sporidis, stating that Plaintiff was "past her prime" and "too old to be working" for Defendant.

**ANSWER**: Amoena denies the allegations in Paragraph 11 of the First Amended Complaint.

12. Growing disillusioned by the company's leadership, Sporidis resigned his position as President and Chief Executive Officer in January, 2013. Thereafter, an announcement was

released by Lemmes on May 14, 2013, introducing Paula Schneider (hereinafter "Schneider") as the new Chief Executive Officer (CEO).

**ANSWER**: Amoena admits that Phillip Sporidis tendered his resignation as President/General Manager of Amoena on January 25, 2013, with an effective separation date of February 28, 2013. Amoena admits that it announced Paula Schneider as Amoena's new President/General Manager on May 14, 2013 via email by Ronny Lemmens, CEO. Amoena denies any remaining allegations in Paragraph 12 of the First Amended Complaint.

13. In the first week of July, Schneider contacted Plaintiff requesting an in-person meeting in Atlanta, Georgia on the pretext of discussing the Company's sales and strategy. On July 11, 2013, Plaintiff met with Schneider in Atlanta, Georgia. Schneider immediately advised Plaintiff that her position would be terminated effective December, 2013.

**ANSWER**: Amoena admits that Schneider contacted Plaintiff to arrange a meeting in Atlanta, Georgia, that Schneider informed Plaintiff that the meeting was regarding sales, and that Schneider met with Plaintiff in Atlanta on July 11, 2013. Amoena further admits that after Schneider reviewed Plaintiff's weak sales numbers in preceding years, Schneider informed Plaintiff that she planned to restructure the sales organization, and as a result, Plaintiff's employment would be terminated effective December 31, 2013. Amoena denies the remaining allegations in Paragraph 13 of the First Amended Complaint.

14. No prior warning or notice was provided to Plaintiff, and during their meeting, no justifiable cause was presented as the reason for her unwarranted termination. Plaintiff inquired as to the reason for her abrupt dismissal from Amoena. Schneider's only response to her inquiry was: "as you are aware, the Company is in the process of a re-organization."

**ANSWER**: Amoena admits that it did not inform Plaintiff of its intent to terminate her employment prior to her meeting with Schneider on July 11, 2013. Amoena denies the remaining allegations in Paragraph 14 of the First Amended Complaint.

15. Prior to meeting with Schneider, Plaintiff was *not* made aware of the Company's attempt to reorganize its staff. Plaintiff advised Schneider that no communication was made to her regarding Amoena's current restructuring strategy and operations.

**ANSWER**: Amoena admits that Schneider's reorganization plan had not been communicated to Plaintiff or to Amoena employees generally when Schneider met with Plaintiff on July 11, 2013. Amoena denies the remaining allegations in Paragraph 15 of the First Amended Complaint.

16. Defendant willfully alienated and estranged Plaintiff, a high-ranking employee, whom during her 23 year tenure served as a competent and hard-working staff member, from having any knowledge of significant operations that would directly affect her employment.

**ANSWER**: Amoena denies the allegations in Paragraph 16 of the First Amended Complaint.

17. While discussing the Company's future plans, Schneider inquired as to whether or not Plaintiff would be interested in working as a consultant for Amoena, alluding to the fact that Plaintiff should retire by stating: "some of these projects will keep you busier in retirement."

**ANSWER**: Amoena admits that Schneider suggested that there may be opportunities for Plaintiff to serve in a consultant role with Amoena in the future. Amoena denies any remaining allegations in Paragraph 17 of the First Amended Complaint.

18. At no point during her employment at Amoena had Plaintiff remotely referred to retiring from her employment with Defendant. Plaintiff was alarmed to hear Schneider make

unwarranted and unwelcome references to her retirement as she had no intention of transitioning into such a position any time soon.

**ANSWER**: Amoena is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the First Amended Complaint.

19. Defendant's attempt to characterize the circumstances giving rise to Plaintiff's termination as reorganization is disingenuous and deceitful in nature. Amoena's callous if not ruthless agenda was to terminate the position of an employee who Lemmes felt was "past her prime" and "too old to be working" for the Company.

**ANSWER**: Amoena denies the allegations in Paragraph 19 of the First Amended Complaint

20. The fact that Amoena's new CEO suggested that Plaintiff should retire is evidence that the sole reason for her termination, as mentioned previously by Lemmes to Sporidis, is her age.

**ANSWER**: Amoena denies the allegations in Paragraph 20 of the First Amended Complaint.

21. Upon notification of Plaintiff EEOC Charge, Defendant immediately reinstated Plaintiff as Amoena's National Sales Manager. This action was simply a tactic on behalf of Defendant to avert liability for Amoena's unabashed age discrimination and to eliminate the adverse action brought forth by Plaintiff.

**ANSWER**: Amoena admits that Plaintiff is currently serving as National Sales Manager and that Plaintiff's employment with Amoena has not been terminated, given Schneider's departure from the company. Amoena denies any remaining allegations in Paragraph 21 of the First Amended Complaint.

22. Abruptly, on August 28, 2013, Schneider announced her resignation as CEO, advising that she would be replaced by Marcie Peters (hereinafter "Peters"), a newly recruited vice president of sales who began working for Defendant on July 15, 2013.

**ANSWER**: Amoena admits that Schneider resigned as President/General Manager effective August 31, 2013. Amoena further admits that Marcie Peters, who began as Vice President of Sales on July 15, 2013, and had also interviewed for the position of President/General Manager, replaced Schneider as President/General Manager. Amoena denies any remaining allegations in Paragraph 22 of the First Amended Complaint.

23. Peters, who is thirty-seven (37) years old and without any national sales experience, was chosen to lead in Plaintiff's department.

**ANSWER**: Amoena admits that Marcie Peters is thirty-eight (38) years old and admits that Peters was hired as Vice President of Sales. Amoena denies the remaining allegations in Paragraph 23 of the First Amended Complaint.

24. By promoting Peters within one month of her employment at Amoena, the Company ruthlessly bypassed Plaintiff's twenty-three (23) year tenure and outstanding job performance that would place her as a highly qualified candidate for the CEO position.

**ANSWER**: Amoena denies the allegations in Paragraph 24 of the First Amended Complaint.

25. The Defendant circumvented its own policy relative to posting of employment positions with the hiring of external candidate, Marcie Peters.

**ANSWER**: Amoena denies the allegations in Paragraph 25 of the First Amended Complaint.

26. The Company's failure to promote Plaintiff based solely on her age and denying her the internal promotion which she rightfully deserves is concrete evidence of Amoena's age discrimination. Defendant's overt age discrimination is clearly demonstrated here as the

Company boldly denies their employees an impartial and merit based promotion that should be afforded to them.

**ANSWER**: Amoena denies the allegations in Paragraph 26 of the First Amended Complaint.

27. At the time her employment was terminated by Defendant, Plaintiff was the oldest leader in Amoena's sales department.

**ANSWER**: Amoena denies that Plaintiff's employment with Amoena has been terminated. Plaintiff has experienced no break in service or interruption in pay since the beginning of her employment with Amoena in 1990. Amoena admits that of the individuals holding supervisory roles within the sales department in July 2013, Plaintiff was the oldest individual. Amoena denies any remaining allegations in Paragraph 27 of the First Amended Complaint.

28. The aforementioned acts and omissions of Defendant constitute unlawful discrimination on the basis of Plaintiff's age, sixty-six (66) years old, in violation of the ADEA, as amended, 29 U.S.C. § 621 et seq.

**ANSWER**: Amoena denies the allegations in Paragraph 28 of the First Amended Complaint.

29. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

**ANSWER**: Amoena denies the allegations in Paragraph 29 of the First Amended Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GERALDINE A. BONNEVIER prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of the Defendant to be in violation of rights guaranteed to Plaintiff under appropriate federal law;

**ANSWER**: Amoena admits that Plaintiff purports to seek the relief described in this Paragraph, but denies that Plaintiff is entitled to such relief. Amoena denies any remaining allegations in this Paragraph of the First Amended Complaint.

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices that unlawfully permit age discrimination to persist in the work place;

**ANSWER**: Amoena admits that Plaintiff purports to seek the relief described in this Paragraph, but denies that Plaintiff is entitled to such relief. Amoena denies any remaining allegations in this Paragraph of the First Amended Complaint.

C. Order Defendant to make whole GERALDINE A. BONNEVIER by providing the affirmative relief necessary to eradicate the effects of the Defendant's unlawful practices;

**ANSWER**: Amoena admits that Plaintiff purports to seek the relief described in this Paragraph, but denies that Plaintiff is entitled to such relief. Amoena denies any remaining allegations in this Paragraph of the First Amended Complaint.

D. Grant the Plaintiff any consequential, compensatory, liquidated, and any other damages that the Court may deem appropriate;

**ANSWER**: Amoena admits that Plaintiff purports to seek the relief described in this Paragraph, but denies that Plaintiff is entitled to such relief. Amoena denies any remaining allegations in this Paragraph of the First Amended Complaint.

E. Grant the Plaintiff her attorney's fees, costs, and disbursements; and

**ANSWER**: Amoena admits that Plaintiff purports to seek the relief described in this Paragraph, but denies that Plaintiff is entitled to such relief. Amoena denies any remaining allegations in this Paragraph of the First Amended Complaint.

      F.    Grant the Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER**: Amoena admits that Plaintiff purports to seek the relief described in this Paragraph, but denies that Plaintiff is entitled to such relief. Amoena denies any remaining allegations in this Paragraph of the First Amended Complaint.

## JURY TRIAL DEMAND

30. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

**ANSWER**: Amoena admits that Plaintiff purports to seek the relief described in this Paragraph, but denies that Plaintiff is entitled to such relief. Amoena denies any remaining allegations in this Paragraph of the First Amended Complaint.

## AFFIRMATIVE/ADDITIONAL DEFENSES

### FIRST AFFIRMATIVE/ADDITIONAL DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, because they fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE/ADDITIONAL DEFENSE

The Complaint should be dismissed, in whole or in part, because some or all of Plaintiff's claims are barred by the applicable limitations periods.

### THIRD AFFIRMATIVE/ADDITIONAL DEFENSE

The Complaint should be dismissed, in whole or in part, because some or all of Plaintiff's claims may be barred by her failure to exhaust administrative remedies or comply with procedural prerequisites to filing suit.

### FOURTH AFFIRMATIVE/ADDITIONAL DEFENSE

To the extent that Plaintiff's claims are based on events alleged to have occurred more than 180 days before the filing of Charge Nos. 440-2013-04905 and 410-2014-00674, such claims are barred.

### FIFTH AFFIRMATIVE/ADDITIONAL DEFENSE

Amoena undertook good faith efforts to comply with the statutes pursuant to which Plaintiff has brought her claims, including by promulgating and making good faith efforts to enforce an anti-discrimination/anti-harassment/anti-retaliation policy, thus barring Plaintiff's claim for punitive and liquidated damages.

### SIXTH AFFIRMATIVE/ADDITIONAL DEFENSE

The Complaint is barred, in whole or in part, because the adverse employment actions alleged by Plaintiff are not unlawful because they were based on reasonable factors other than Plaintiff's age.

### SEVENTH AFFIRMATIVE/ADDITIONAL DEFENSE

Plaintiff's damages claims are barred to the extent Plaintiff failed to mitigate her alleged damages.

### EIGHTH AFFIRMATIVE/ADDITIONAL DEFENSE

Plaintiff's claim for punitive damages is barred, in whole or in part, because the imposition of such under the circumstances of this case would violate the constitutions of the State of Illinois and/or the United States of America.

### NINTH AFFIRMATIVE/ADDITIONAL DEFENSE

To the extent that Plaintiff seeks liquidated damages, Plaintiff's claims for such damages are barred because Amoena had a good faith, reasonable belief that all of its actions were lawful and did not violate the ADEA.

### TENTH AFFIRMATIVE/ADDITIONAL DEFENSE

To the extent that Plaintiff seeks an award of punitive damages based on her claims pursuant to the ADEA, such damages are barred as they are not permitted by that statute.

### ELEVENTH AFFIRMATIVE/ADDITIONAL DEFENSE

Some or all of the claims alleged in the Complaint are barred by the doctrines of unclean hands, estoppel, laches, or waiver.

### TWELFTH AFFIRMATIVE/ADDITIONAL DEFENSE

The Complaint may be barred, in whole or in part, by the doctrine of after-acquired evidence.

### THIRTEENTH AFFIRMATIVE/ADDITIONAL DEFENSE

Amoena reserves the right to amend its Answer and to add defenses or counterclaims as appropriate.

### FOURTEENTH AFFIRMATIVE/ADDITIONAL DEFENSE

Unless otherwise responded to herein, Amoena denies all allegations in the Complaint.

## FIFTEENTH AFFIRMATIVE/ADDITIONAL DEFENSE

In asserting its defenses herein, Amoena relies upon and incorporates by reference all responses to the allegations in the Complaint.

Dated: December 16, 2013                Respectfully submitted,


                                        By: /s/ William J. Wortel
                                            One of the Attorneys for Defendant,
                                            Amoena USA Corporation

William J. Wortel
BRYAN CAVE LLP
161 N. Clark Street
Suite 4300
Chicago, Illinois 60601
(312) 602-5000 (telephone)
(312) 602-5050 (facsimile)
Email: bill.wortel@bryancave.com

# CERTIFICATE OF SERVICE

I, William J. Wortel, an attorney, certify that I caused a copy of *Defendant's Answer and Affirmative/Additional Defenses to Plaintiff's Amended Complaint* to be served upon the following individual via the Court's electronic filing system, on this 16th day of December, 2013:

> Lisa Kane
> Lisa Kane & Associates
> 141 West Jackson Boulevard
> Suite 3620
> Chicago, IL 60604
> lisakane@sbcglobal.net

    /s/ William J. Wortel
    William J. Wortel

257812.1