IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GERALDINE A. BONNEVIER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 CV 08231 |
| | ) | |
| v. | ) | Honorable Robert W. Gettleman |
| | ) | |
| AMOENA USA CORPORATION, a domestic for profit corporation registered in the State of Georgia and doing business in the State of Illinois, | ) ) ) ) ) | Magistrate Judge Rowland |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER

COMES NOW Defendant Amoena USA Corporation ("Defendant"), and submits this Reply in response to Plaintiff's Opposition to Motion to Transfer ("Opposition Brief"), and respectfully requests that the Court transfer this case to the United States District Court for the Northern District of Georgia for all the reasons set forth in its initial brief. In further support of its Motion to Transfer, Defendant shows the Court as follows:

## I. INTRODUCTION

Plaintiff's Opposition Brief mischaracterizes Defendant's arguments, misstates Plaintiff's job responsibilities, and relies on the testimony of a former employee who has no personal knowledge of the events leading up to this litigation. Specifically, Plaintiff fails to divulge that her job responsibilities and obligations are nationwide and require travel throughout the country (including to Georgia), neglects to mention that the position she desired to be promoted to was located in Georgia, argues against legal arguments never espoused by Defendant, and relies on the testimony of Philip Sporidis, a dissatisfied employee who left Defendant's employment prior to the occurrence of the disputed events.

6332502.1

### A. The Declarations Submitted By Plaintiff Do Not Comply With 28 U.S.C. § 1746.

As an initial matter, Defendant notes that neither Plaintiff's nor Philip Sporidis's declarations complies with the requirements of 28 U.S.C. § 1746.[1] Pursuant to 28 U.S.C. § 1746:

> [A]ny matter is required or permitted to be supported . . . by the sworn . . . affidavit, in writing of the person making the same . . . [and] be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form . . . [i]f executed within the United States . . . "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

A timely filing " may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement." *U.S. ex rel. Grant v. Martin,* 12 C 8907, 2013 WL 4495662 (N.D. Ill. Aug. 21, 2013) (attached hereto as Exhibit A). In order for an unsworn declaration to be valid it must be "dated and signed by the declarant 'under penalty of perjury' and verified as 'true and correct.'" *Trapaga v. Cent. States Joint Bd. Local 10*, 05 C 5742, 2007 WL 1017855 (N.D. Ill. Mar. 30, 2007)(citing *DeBruyne v. Equitable Life Assur. Soc'y*, 920 F.2d 457, 471 (7th Cir. 1990) (attached hereto as Exhibit B)); *see also Knights v. Williams*, No. 02 C 5017, 2005 WL 1838427, at *3 (N.D. Ill. July 28, 2005) (quoting *Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985)) ("The Seventh Circuit teaches that a court is not to be 'unnecessarily hyper-technical and overly harsh on a party who unintentionally fails to make certain that all technical, non-substantive requirements of [declaration] execution ... are satisfied,' ... but compliance with 28 U.S.C. § 1746 is mandatory and fundamental, not a 'non-substantive' requirement.") (attached hereto as

---

[1] Plaintiff's and Mr. Sporidis's declarations both state that "if called to testify and sworn under oath, [they] would competently testify from personal knowledge as follows . . . ." This language is the only reference to any sworn testimony in either affidavit and falls short of the "under penalty of perjury" and "true and correct" language required to comply with 28 U.S.C. § 1746.

Exhibit C).  Accordingly, as Plaintiff's and Mr. Sporidis's declarations are not notarized and do not recite the language required to comply with 28 U.S.C. § 1746, they cannot be considered valid for purposes of the Opposition Brief.

### B. A Majority of Witnesses Expected to Testify Reside in Georgia.

Defendant has identified several witnesses that will testify at trial, a majority of whom are located in Georgia and none of whom travel to or resides in Illinois.  Specifically, Defendant has identified the following Georgia-based witnesses: Christina Webb, Vice President of Finance and Operations; Tiffani Norman, HR Manager; Marcie Peters, President/General Manager; Lori Bunton, Director of Sales Management; and Barbara Jones, Finance Manager.

Defendant intends to call Christina Webb to testify as to Defendant's annual budgeting process and the company's results against budget, and, specifically, the domestic sales organization's failure to meet its budgeted sales numbers in 2011, 2012, and 2013, as well as the overall impact of such failure on company performance.  The management and performance of the national sales organization in each of these years was Plaintiff's responsibility. Defendant anticipates that Tiffani Norman will testify as to Plaintiff's employment, personnel documents, and job duties and performance as National Sales Manager. Ms. Norman will also testify regarding the initial decision to eliminate Plaintiff's position, as well as the subsequent decision not to proceed with the reorganization and her communications with Plaintiff on the issue. Ms. Norman will further testify that there were no gaps in Plaintiff's employment during 2013 and no decreases in compensation or benefits were made.

Defendant expects Marcie Peters (the individual who received the promotion sought by Plaintiff) will testify as to her prior experience and qualifications and the performance of the sales organization during her tenure as Vice President of Sales and President/General Manager.

Defendant anticipates Lori Bunton will testify as to the scope and responsibilities of the sales organization. Lastly, Defendant anticipates calling Barbara Jones to testify as to the differences between historical budgets and actual sales, as well as information regarding historical compensation data.

Defendant has also identified two non-Georgia based witnesses: Paula Schneider, Defendant's former President/General Manager who resides in California, and Ronny Lemmens, CEO of Amoena Worldwide, who resides in Germany. Defendant anticipates that Ms. Schneider will testify as to Plaintiff's employment, her performance as National Sales Manager, and the historical performance of Defendant's sales organization. Furthermore, Ms. Schneider will testify as to Defendant's plan for reorganization of the sales organization and Ms. Schneider's communications with Plaintiff regarding the anticipated reorganization of the sales organization and the elimination of Plaintiff's position. Mr. Lemmens would also testify regarding Plaintiff's employment, her performance as National Sales Manager, and the historical performance of Defendant's sales organization. Mr. Lemmens would further testify as to the decision to hire Ms. Schneider as President/General Manager, as well as the decision to hire Ms. Peters as Vice President of Sales and to eventually elevate her to the position of President/General Manager upon Ms. Schneider's resignation.

As mentioned in Defendant's Motion to Transfer, all witnesses expected to testify at trial reside outside of Illinois, with a majority of the witnesses residing in Georgia. Therefore, all anticipated witnesses would be inconvenienced by Plaintiff's choice of forum. Even Plaintiff's own witness, Philip Sporidis, resides in Georgia and works in Boston, Massachusetts. Despite Mr. Sporidis's insistence that it would be more convenient to conduct a deposition in Chicago than Georgia, common sense would dictate that his own place of residence would be more

appropriate. The Northern District of Georgia is therefore the most convenient venue for all witnesses.

### C. Philip Sporidis Is a Former Employee Who Has No Direct Knowledge of the Decisions at Issue in This Case.

Phillip Sporidis, Defendant's former President/General Manager, is a disgruntled employee who was not privy to the alleged discriminatory decisions relevant to this case. Mr. Sporidis resigned on February 28, 2013, and has no personal knowledge of the decision to reorganize the sales organization or the decision to promote Ms. Peters. Further, although Mr. Sporidis states in his affidavit that "most" business decisions were made at Amoena Worldwide headquarters in Germany, he admits that he has no direct knowledge of the decisions at issue in this case, as he caveats his statement with "during my employment."

### D. Plaintiff's Job Responsibilities and Desired Job Position Are Located Outside Her Chosen Forum of Illinois.

Plaintiff alleges that Defendant has failed to acknowledge that Plaintiff has worked out of her home in Illinois for the last twenty-three years. Defendant, however, specifically stated in its opening brief that Plaintiff resides in Illinois and works from that location. Further, although Plaintiff focuses on the location of her home office, Plaintiff's Opposition Brief neglects to address the fact that Plaintiff's job responsibilities span the nation and require her to travel throughout the country, including to Defendant's headquarters in Georgia. Plaintiff's Opposition Brief also fails to mention that the position for which Plaintiff claims she was denied promotion is located in Georgia and would have required Plaintiff to work from Georgia and eventually relocate there. Accordingly, although Plaintiff may have chosen to maintain her home office in Illinois, her residence there is in no way linked to her current job duties or to the duties of the job she desired. *See Applied Web Sys., Inc. v. Catalytic Combustion Corp.,* 90 C 4411, 1991 WL

70893 at 3 (N.D. Ill. Apr. 29, 1991) (holding that where plaintiff's chosen forum does not "bear[] a reasonable relation to the events which form the basis of the action [or] if the chosen forum lacks significant contacts with the underlying cause of action, a plaintiff's choice of forum has reduced value") (attached hereto as Exhibit D).

      E.      **Plaintiff Misstates the Law and the Facts Underlying the Material Events.**

Plaintiff argues in her Opposition Brief that only one material event, Plaintiff's meeting with Ms. Schneider, occurred in Georgia, and discredits that event as flying in the face of case law in the Northern District of Illinois. Plaintiff relies on *Cox v. Nat'l Football League*, 97 C 3741, 1997 WL 619839 (N.D. Ill. Sept. 29, 1997)(attached hereto as Exhibit E), which is inapposite to the case before the Court, as *Cox* is decided under a different statute, 28 U.S.C. § 1406(a). Defendant's motion seeks a transfer of venue under 28 U.S.C. § 1404(a). Plaintiff's reliance on *Cox* is therefore inapplicable.

In *Cox*, the plaintiff, a Chicago Bears football player, brought suit against his employer for retaliatory employment discrimination and the defendant moved to dismiss the action for improper venue or alternatively to transfer the case to New York under 28 U.S.C. § 1406(a). *Cox*, 1997 WL 619839 at *1. The Court in *Cox* held that venue was proper in Illinois because the plaintiff lived and worked in Illinois, and a solitary decision made in New York by the defendant to discipline the plaintiff did not constitute a reason to transfer venue. *Id.*

Unlike the defendant in *Cox*, Defendant here admits that venue is proper in this Court, but only suggest venue in the Northern District of Georgia would be more appropriate. In fact, for transfer to be appropriate under 28 U.S.C. § 1404(a) venue *must* be proper in both the transferor and the transferee court. *Ace Hardware Int'l Holdings, Ltd. v. Masso Expo Corp.*, 11-CV-3928, 2011 WL 5077686 at *5 (N.D. Ill. Oct. 25, 2011) *reconsideration denied*, 11 C 3928,

2012 WL 182236 (N.D. Ill. Jan. 23, 2012) (attached hereto as Exhibit F). Here, the convenience of the parties and witnesses and interest of justice dictate that venue should be transferred to the Northern District of Georgia. Further, Plaintiff's reliance on *Cox* is misleading, as *Cox* proceeds under 28 U.S.C. § 1406(a), which utilizes a different analysis than that used under § 1404(a). Additionally, unlike the plaintiff in *Cox* whose primary job responsibilities were located in Illinois, Plaintiff has national responsibilities and her job duties are in no way linked to her residence in Illinois.

### F. Time to Resolution of Cases Is a Neutral Point.

Plaintiff admits in her Opposition Brief that the Northern District of Georgia has half the amount of cases on its docket as the Northern District of Illinois. Plaintiff, however, overstates her position by stating that the Northern District of Illinois has three times the number of District Judges, thereby suggesting that resolution of this case would be faster in Illinois. After closer review the speed of resolution would likely be a neutral factor in this case, as the median time from filing to disposition of civil cases in both courts is 6.7 months.[2] Accordingly, despite the disparity in the number of judges and the number of cases on the docket, both courts seem to resolve cases in the same amount of time.

## II. CONCLUSION

Based upon the foregoing, and for the reasons set forth in Defendant's Motion to Transfer, Defendant respectfully requests that the Court transfer this case to the United States District Court for the Northern District of Georgia.

---

[2] Median time from filing to trial is about 32.1 months in the Northern District of Georgia and approximately 31.5 months in the Northern District of Illinois. Thus, although the Northern District of Illinois has a slightly shorter time span between filing and trial, the difference is negligible.

6332502.1                          7

Respectfully submitted this 14th day of January, 2014.

> By:   /s/ William J. Wortel
> William J. Wortel
> BRYAN CAVE LLP
> 161 N. Clark Street
> Suite 4300
> Chicago, Illinois 60601
> Telephone: (312) 602-5000
> Facsimile: (312) 602-5050
> bill.wortel@bryancave.com
>
> *Attorney for Defendant*
> *AMOENA USA CORPORATION*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14th day of January, 2014, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send such notification to the following:

>Lisa Kane & Associates
>141 West Jackson Boulevard
>Suite 3620
>Chicago, Illinois 60604
>Telephone: (312) 606-0383
>lisakane@sbcglobal.net

 /s/ William J. Wortel
William J. Wortel

6332502.1