IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GERALDINE A. BONNEVIER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 8231 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| AMOENA USA CORPORATION, a domestic | ) | |
| for profit corporation registered in the State of | ) | |
| Georgia and doing business in the State of | ) | |
| Illinois, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Geraldine Bonnevier sued her employer, defendant Amoena USA Corporation, for denying her a promotion because of her age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq. Defendant has moved to transfer this case to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interest of justice. For the reasons stated below, the motion to transfer is granted.

## BACKGROUND

Plaintiff is a 66 year-old resident of Illinois. Defendant is a Georgia corporation with its corporate offices in the Northern District of Georgia and its principal place of business in Kennesaw, Georgia. The complaint does not describe the nature of defendant's business. Plaintiff has worked for defendant for 23 years and currently is National Sales Manager. Plaintiff chooses to work out of a home office in Illinois. However, she has national job responsibilities and must often travel to other states, including Georgia.

Plaintiff's allegations of age discrimination focus on three incidents. First, plaintiff alleges that, in December 2012, Ronny Lemmes, the Managing Director and CEO of Amoena Worldwide (presumably an affiliate of defendant), attended a national sales meeting in Key Largo, Florida. At this gathering, Lemmes allegedly told Philip Sporidis, defendant's CEO, that plaintiff was "past her prime" and "too old to be working" for defendant. Second, on July 11, 2013, plaintiff met with Paula Schneider, who replaced Sporidis as CEO, in Georgia. At this meeting, Schneider informed plaintiff that she would be terminated, effective in six months, because of a corporate reorganization. Schneider then asked plaintiff about consulting for defendant, and allegedly said, "Some of these [consulting] projects will keep you busier in retirement." About three weeks later, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Defendant was notified of the EEOC charge before plaintiff's termination became effective, and defendant reinstated her.

Third, following Ms. Schneider's resignation in August 2013, defendant promoted Marcie Peters, a 37 year-old recent hire, to CEO instead of plaintiff. Plaintiff alleges she satisfied defendant's legitimate expectations and was more qualified than Peters. Specifically, plaintiff allegedly had more experience, received merit-based raises and multiple promotions, and was never disciplined by defendant. Plaintiff also alleges that, when hiring Peters, defendant circumvented its policy regarding the posting of employment positions. The parties dispute whether the decision to the hire Peters was made in Georgia or Germany. These three instances form the basis of plaintiff's ADEA claim.

**DISCUSSION**

Defendant has moved to transfer this case to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). In ruling on this motion, the court must consider the convenience of the parties and witnesses and the interest of justice. 28 U.S.C. § 1404(a). The court may transfer the case only if: "(1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer [would] serve the convenience of the parties and the witnesses as well as the interests of justice." Lewis v. Grote Indus., Inc., 841 F. Supp. 2d 1049, 1052 (N.D. Ill. 2012) (quoting United Airlines, Inc. v. Mesa Airlines, Inc., 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998)). The moving party, the defendant in the instant case, bears the burden of proving that the transferee forum is "clearly more convenient." Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989) (quoting Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986)). In ruling on a motion to transfer, the court has "broad discretion," id., and must engage in a "flexible and individualized analysis." Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d 973, 978 (7th Cir. 2010).

In the instant case, neither party denies venue and jurisdiction in both the Northern District of Illinois or the Northern District of Georgia. Rather, the parties dispute only the balancing of the private and public factors.

Turning first to the private factors, the court must consider: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective

forums." Genocide Victims of Krajina v. L-3 Servs., Inc., 804 F. Supp. 2d 814, 823 (N.D. Ill. 2011).

Plaintiff claims her choice of forum, the first private factor, should be given substantial weight. Defendant correctly asserts, however, that her choice is due only minimal deference because Illinois has no connection to plaintiff's claim. "When the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value even if it is his home forum." Boyd v. Snyder, 44 F. Supp. 2d 966, 970 (N.D. Ill. 1999) (quoting Dunn v. Soo Line R. Co., 864 F. Supp. 64, 65 (N.D. Ill. 1994)) (internal quotation marks omitted). See also Genocide Victims of Krajina, 804 F. Supp. 2d at 823. This litigation is not based on plaintiff's work in her Illinois home office. Rather, plaintiff's claim is based on three specific instances of alleged discrimination that occurred in Florida, Georgia, and possibly Germany. Clearly, none occurred in Illinois.

Faced with these facts, plaintiff argues that the court's inquiry should focus on her place of employment, and cites Cox v. Nat'l Football League, 1997 WL 619839 (N.D. Ill. Sept. 29, 1997). In Cox, the commissioner of the NFL, based in New York, decided to fine a Chicago Bears player who then sued the NFL in Illinois. Id. at *1. The NFL claimed venue was improper and moved to dismiss or, in the alternative, transfer pursuant to 28 U.S.C. § 1406(a). The court determined venue was proper in Illinois and denied the motion. Id. at *2. In reaching its conclusion, the court looked to "the place where the decisions and actions concerning the employment practices occurred." Id. Specifically, the court found venue was proper because both the team's actual imposition of the fine and the player's payment occurred in Illinois. Id. at *1-2.

Plaintiff's reliance on Cox is inappropriate because the case is both inapplicable to and distinguishable from the instant case. Cox is inapplicable because it resolved a challenge to venue that was governed by Title VII's unique venue provision, 42 U.S.C. § 2000e-5(f)(3). Cox has no relevance to a § 1404(a) transfer where defendant does not dispute that venue is proper in both districts, but merely argues an alternative forum is more convenient. Cox is also distinguishable because in, in the instant case, there is no dichotomy between defendant's decisions and actions. According to plaintiff's own allegations, all three instances of alleged discrimination involved decisions made and actions taken outside of Illinois. Even the position as CEO, which plaintiff claims defendant unlawfully denied her, was a Georgia-based job. Therefore, the events giving rise to plaintiff's discrimination claim did not occur in Illinois, and the first private factor only minimally weighs against transfer.

The second private factor, the situs of material events, focuses on the three alleged instances of discrimination. The first instance, Lemmens' comments, occurred in Florida. The second instance, the meeting with Schneider, occurred in Georgia. The third instance, the decision to hire Peters, occurred in either Georgia or Germany. It is clear Georgia was the situs of more material events than Illinois. Consequently, the second private factor weighs in favor of transfer.

The third private factor, the relative ease of access to sources of proof, does not favor or disfavor transfer. Where the documents are easily transferable, the ease of access is a neutral factor. Lewis, 841 F. Supp. 2d at 1053. Defendant maintains the relevant personnel files and corporate records at its corporate headquarters. There is no evidence that transferring these files

from Georgia would be difficult or costly. Therefore, the ease of access does not weigh against or in favor of transfer.

The fourth private factor, the convenience of the witnesses, is "often viewed as the most important factor in the transfer balance." Lewis, 841 F. Supp. 2d at 1054 (quoting Schwarz v. Nat'l Van Lines, Inc., 317 F. Supp. 2d 829, 836 (N.D. Ill. 2004)). The relevant inquiry focuses on: "the number of potential witnesses located in the transferor and transferee districts; the expense of transportation and the length of time the witnesses will be absent from their jobs; the nature, quality, and indispensability of the witnesses['] testimony; and whether the witnesses can be compelled to testify." Id. (quoting Medi USA L.P. v. Jobst Inst., Inc., 791 F. Supp. 208, 211 (N.D. Ill. 1992)).

As a preliminary matter, plaintiff correctly notes that defendant failed in its initial brief to adequately describe its witnesses' testimony. See Tuholski v. Delavan Rescue Square, Inc., 2013 WL 6038428 (N.D. Ill. Nov. 13, 2013) (explaining that the party seeking transfer must identify key witnesses and generally state their testimony). Defendant, though, clearly satisfied this requirement in its reply brief by identifying the topics to which each witness will testify.

The parties identified nine witnesses who, collectively, would be more inconvenienced by litigation in Illinois. Defendant identified five Georgia-based witnesses, all of whose inconvenience must be discounted somewhat because they are defendant's employees. Lewis, 841 F. Supp. 2d at 1054. Both parties identified Lemmens, who resides in Europe, and Schneider, who resides in California, as witnesses. They would face only negligible additional inconvenience by litigation in either forum because each resides a great distance from Illinois and Georgia. See id. (The reduction in inconvenience would be "negligible" for witnesses flying

out of Louisville International Airport if the case was litigated in Chicago instead of New Albany, Indiana). Plaintiff identified two additional witnesses—Sporidis and herself. Sporidis resides in Georgia and works in Massachusetts. Therefore, notwithstanding Sporidis' declaration to the contrary, it is unlikely he would find litigation in Illinois significantly more convenient. Plaintiff clearly would be inconvenienced by litigation in Georgia, but her inconvenience carries little weight because she is a party witness and has traveled to Georgia on defendant's business many times. Genocide Victims of Krajina, 804 F. Supp. 2d at 824. In fact, plaintiff continues to work for defendant and, had she been promoted to CEO, presumably would travel to Georgia more frequently.

In total, five employee witnesses would be inconvenienced by litigation in Illinois; three witnesses would be at most negligibly more inconvenienced by litigation in Georgia, and only one party witness would be inconvenienced by litigation in Georgia. Therefore, the fourth private factor weighs in favor of transfer.

The remaining private factor is the convenience to the parties of litigating in the respective forums. Plaintiff correctly notes that a court should "consider the parties' respective residences and their ability to bear the expenses of litigating in a particular forum." Addition & Detoxification Inst., LLC v. Rapid Drug Detox Ctr., 2012 WL 4850188 at *1 (N.D. Ill. Oct. 11, 2012). Plaintiff also accurately asserts that transfer cannot "merely [transform] an inconvenience for one party into an inconvenience for the other party." Dixon v. Joeleon Holdings, LLP, 2012 WL 1598055 (N.D. Ill. May 4, 2012) (quoting Chemical Waste Management, Inc. v. Sims, 870 F. Supp. 870, 876 (N.D. Ill. 1994)). Neither party has presented proof they would suffer some additional inconvenience by litigating in the other's desired forum.

7

Because defendant is a corporation and likely able to bear the costs of litigation with greater ease than plaintiff, this final private factor weighs slightly against transfer.

In summary, two of the private factors, including the most important one, weigh in favor of transfer; two weigh against transfer; and one is neutral. Thus, balanced together, the private factors weigh in favor of transfer.

Regardless of the private factors, though, the interest of justice may be determinative. Genocide Victims of Krajina, 804 F. Supp. 2d at 826. The public factors to be considered are: "(1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue." Id.

The case will likely proceed at the same speed in either jurisdiction. Despite defendant's initial argument to the contrary, neither party now contends that litigation would proceed more quickly in either forum. According to federal caseload statistics for the twelve-month period ending September 30, 2013, the median time from filing to trial is about six months shorter in the Northern District of Georgia than in this district. Also, the median time to disposition, which is a better measure, Id., is 6.4 months in the Northern District of Georgia and 6.6 months in the Northern District of Illinois. Consequently, the speed of the case is a neutral factor because the case will likely proceed at a similar pace in both jurisdictions.

Likewise, the court's familiarity with the applicable law is a neutral factor, as both parties concede, because plaintiff is proceeding under a federal statute. See Lewis, 841 F. Supp. 2d at 1055 (recognizing most courts reject the suggestion that judges of one district are more familiar with federal law than their counterparts).

Neither party devotes more than a sentence or two in their briefs to the last two public factors: the desirability of resolving controversies in each locale and the relation of each community to the occurrence at issue. Illinois has, at most, a minimal interest in this dispute. Illinois has no connection to the alleged discrimination, and its only connection to the dispute is plaintiff's residence in the state and work from her home office. On the other hand, Georgia has "a significant interest" in the case because defendant is a Georgia corporation. <u>Id.</u> (stating "Indiana courts have a significant interest in addressing a grievance against a corporation located within their jurisdiction"). Further, at least one instance of alleged discrimination transpired in Georgia while none occurred in Illinois. Therefore, the last two public factors favor transfer because Georgia has a greater interest in and closer relationship to plaintiff's claim.

In summary, two of the public factors weigh in favor of transfer and two are neutral. Therefore, the public factors clearly favor transfer.

Illinois' connection to this case is simply insufficient. None of the instances of alleged discrimination occurred in Illinois or involved decisions made in Illinois. The only connection between plaintiff's claim and Illinois is that she resides and works in the state. Contrarily, many aspects of plaintiff's claim touch Georgia. Most importantly, one or two incidents of alleged discrimination occurred in Georgia. Also, defendant is incorporated in the state. Further, Georgia is at least as convenient as Illinois for all but one witness and is more convenient than Illinois for most witnesses. Defendant has satisfied its burden of proof because both the private and public factors weigh in favor of transfer to the Northern District of Georgia.

## CONCLUSION

For the foregoing reasons, defendant's motion to transfer the case to the Northern District of Georgia is granted.


**ENTER:    February 10, 2015**

																				_____
																				**Robert W. Gettleman**
																				**United States District Judge**